NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AIDA TSATURYAN; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71283

Agency Nos. A097-358-525
           A097-458-105
           A097-458-106

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Aida Tsaturyan and her children, natives and citizens of Armenia, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision ("IJ") denying their application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's findings of fact, including credibility findings, for substantial evidence and must uphold the finding unless the evidence compels a contrary result. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We grant the petition for review, and remand.

The BIA specifically mentioned six of the reasons provided by the IJ in support of the adverse credibility finding. Substantial evidence does not support the adverse credibility determination based on inconsistencies between Tsaturyan's testimony and a report of a psychological evaluation or supporting affidavits in the record, because Tsaturyan was not given an opportunity to explain the perceived discrepancies. *See id*. at 1053; *see also Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir. 1999) (IJ erroneously faulted petitioner for not providing further details, "especially when [petitioner] was not given notice that [she] should provide such information, nor asked at the hearing to do so"). Substantial evidence also does not support the adverse credibility determination based on an inconsistency in Tsaturyan's testimony as to whether she stopped working in June or July of 2000. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000) ("alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding").

10-71283

The BIA alternatively concluded that, even if credible, Tsaturyan failed to establish past persecution because her experiences did not rise to the level of persecution. Substantial evidence supports this conclusion. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). The BIA, however, did not address whether Tsaturyan has a well-founded fear of persecution if credible. Accordingly, we grant the petition with respect to Tsaturyan's asylum, withholding of removal, and CAT claims and we remand, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**